**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                            NO. 4:07CR00092 JLH

ALLEN POLK                                                                                          DEFENDANT

**ORDER**

Allen Polk has filed a motion to dismiss for violation of his Fifth and Sixth Amendment Speedy Trial Rights. He also asserts that he is being selectively prosecuted in violation of his right to equal protection, and he requests discovery of documents that he claims may show that his prosecution is motivated by unconstitutional reasons.

Polk first argues that the indictment should be dismissed because of excessive pre-indictment delay. He was arrested on September 11, 2004. He was initially indicted in this Court on February 2, 2005, and arraigned on February 15, 2005. *See* Case No. 4:05CR00033 JLH. Thus, the delay between his arrest and his indictment was nearly five months. Polk argues that he was prejudiced by the delay because he entered a plea of guilty and was sentenced in state court for the same conduct that gives rise to the charges in this Court. His brief says that he "was forced to conclude the similar charges in state court . . . on February 23, 2005." The judgment and commitment order entered in state court is dated February 23, 2005, which appears to be the date of his guilty plea and the date on which he was sentenced. Polk contends that he has been prejudiced for three reasons. First, by pleading guilty in state court he admitted the basic elements of the crime charged here. Second, had the indictment been brought sooner, the charges in state court would have been dismissed because the State of Arkansas ordinarily will not pursue charges when it knows that

the United States is pursuing an indictment and conviction for the same conduct. Third, he argues that he is prejudiced because the intervening conviction on the same conduct in state court will increase his criminal history score under the United States sentencing guidelines.

> In *United States v. Clark*, 83 F.3d 1350, 1352 (11th Cir. 1996), the court explained:
>
> Speedy trial challenges are subject to a four-factor test established by the Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972). The factors are: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the speedy trial right; and (4) prejudice to the defendant. 407 U.S. at 530, 92 S. Ct. at 2192.

The defendant first must show that the delay between the indictment and arrest was "presumptively prejudicial." *Id.*, citing *Doggett v. United States*, 505 U.S. 647, 651-52, 112 S. Ct. 2686, 2690-91, 120 L. Ed. 2d 520 (1992). "Only if this threshold point is satisfied may the court proceed with the final three factors of the Barker analysis." *Clark*, 83 F.3d at 1352. Delays exceeding one year are generally found to be "presumptively prejudicial." *Id.*, citing *Doggett*, 505 U.S. at 652 n.1, 112 S. Ct. at 2691 n.1. A pre-indictment delay of five months is not enough to violate the defendant's rights. *United States v. Burkhalter*, 583 F.2d 389, 392 (8th Cir. 1978).

Moreover, the kind of prejudice alleged by Polk is not the kind of prejudice that is required to establish that pre-indictment delay violates the Fifth Amendment. The Eighth Circuit has explained:

> To establish unreasonable pre-indictment delay, a defendant must show that the delay resulted in actual and substantial prejudice to his defense, and that the government intentionally delayed the indictment to gain a tactical advantage or to harass him. To prove actual prejudice, the defendant must identify witnesses or documents lost during the period of delay, and not merely make speculative or conclusory claims of possible prejudice caused by the passage of time. The defendant also has the burden of showing that the lost testimony or information was not available through other means. If the defendant fails to establish actual prejudice, we need not assess the government's rationale for the delay.

*United States v. Sprouts*, 282 F.3d 1037, 1041 (8th Cir. 2002) (citations omitted).  Here, Polk does not identity witnesses or documents lost during the delay.  He does not claim that testimony or other information is no longer available to him that would have been available to him had he been indicted more promptly.  Although he argues that but for the delay the state would not have pursued charges and he would not have entered a guilty plea in state court, the record shows that he was indicted and arraigned in this Court before he entered his guilty plea in state court.  Even if he had entered his guilty plea in state court before he was indicted in this Court, that is not the kind of prejudice that would make pre-indictment delay a violation of the Fifth Amendment.

Polk's argument for prejudice is nothing more than an argument that it is unfair that he is now being prosecuted in federal court for conduct for which he has been prosecuted and convicted in state court.  However, it is well settled that successive federal and state prosecutions based on the same acts are not in violation of the double jeopardy clause.  *Bartkus v. Illinois*, 359 U.S. 121, 131-34, 79 S. Ct. 676, 682-85, 3 L. Ed. 2d 684 (1959).  Polk apparently recognizes that successive prosecutions for the same conduct in state and federal court do not violate the double jeopardy clause because he makes no argument that his double jeopardy rights have been violated.

In addition to his argument that his due process rights have been violated by excessive pre-indictment delay, Polk also argues that his Sixth Amendment right to a speedy trial has been violated.  He does not contend that the Speedy Trial Act, 18 U.S.C. § 3161, has been violated.  The test for whether a defendant's Sixth Amendment right to a speedy trial has been violated involves the same four-factor test as the claim of excessive pre-indictment delay: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his speedy trial right; and (4) prejudice to the defendant.  *Barker v. Wingo*, 407 U.S. at 530-31, 92 S. Ct. at 2122.  As noted above, Polk was

first indicted on February 2, 2005, in Case No. 4:05CR00033 JLH. He was arraigned on February 15, 2005. He was given a trial date of April 4, 2005. Over the next two years he filed seven motions for continuance. The United States did not file even one motion for continuance. Delay was caused when Polk filed a notice of insanity defense, which prompted the United States to file a motion for psychiatric exam. Polk did not object to the motion and waived any speedy trial requirements relating to his mental evaluation. Polk was remanded to the custody of the Attorney General and returned to state custody after his mental evaluation. He then asserted that his right to a speedy trial under the Interstate Agreement on Detainers Act (IADA), 18 U.S.C. app. 2 § 2, Art. IV(c), an argument that the Court found to be without merit. He further asserted that there had been a violation of Art. IV(e), the anti-shuttling provision of the IADA. The Court found that there had been such a violation but that the violation was caused by mere error as opposed to bad faith or a pattern of negligence, so the Court dismissed the indictment without prejudice on March 15, 2007.

On April 7, 2007 – three weeks after the first indictment was dismissed – Polk was indicted in this case. Polk was arraigned in this case on April 13, 2007. He was given a trial date of May 14, 2007. On May 10, 2007, he filed a motion to stay the proceedings or alternatively to continue the case while he appealed the dismissal without prejudice in Case No. 4:05CR00033. The Court denied the motion for stay but granted the motion for continuance and set the trial to begin November 26, 2007. On November 13, 2007, Polk filed another motion to continue the trial because the Eighth Circuit had not decided his appeal from the dismissal of the previous case without prejudice. The Court granted that motion to continue and reset the trial date for June 2, 2008. On November 27, 2007, the Eighth Circuit dismissed Polk's appeal for lack of jurisdiction. On May 22, 2008, Polk

filed another motion for continuance. The Court granted that motion and continued the case until September 29, 2008.

Altogether, in the two cases, Polk has filed ten motions for continuance. The United States has filed no motions for continuance in either case. The only continuance that was granted other than on Polk's motion was the continuance occasioned by the necessity of having a mental evaluation, and in that instance Polk expressly waived any speedy trial claims based upon the delay occasioned by his mental evaluation. The United States has not been the cause of any inordinate delay. From a full review of the dockets in both of the cases in which Polk has been indicted, it is apparent that Polk's Sixth Amendment right to a speedy trial has not been violated.

Finally, Polk claims that he is being selectively prosecuted because of his race. He quotes Department of Justice policy for the proposition that the United States generally does not prosecute someone who has already been prosecuted for the same conduct in state court. He notes that numerous inmates incarcerated in the Arkansas Department of Correction on weapons charges have violent convictions and a state felony for possession of firearms but have not been indicted or convicted in federal court. To establish a prima facie case of selective prosecution, a defendant must show, first, that he was singled out for prosecution while others similarly situated were not prosecuted for similar conduct, and, secondly, that the decision to prosecute was based on an impermissible motive such as race, religion, or an attempt by the defendant to secure other constitutional rights. *United States v. Kelly*, 152 F.3d 881, 885-86 (8th Cir. 1998). The defendant's burden is a heavy one. *Id.* Polk has not met that heavy burden. Apart from identifying three African American inmates in the Arkansas Department of Correction who were convicted in state court for violent felonies and firearms charges but have not been prosecuted in federal court, he cites no

evidence and offers no reason to believe that he is being prosecuted in this case because he is white. He includes in his submission one page of results from a search that he conducted at the Arkansas Department of Correction's website. According to that search, 1,742 inmates in the Arkansas Department of Correction have committed weapons offenses. The one page of his search results that he has attached to his motion shows 24 such inmates, 7 of whom are identified as Caucasian. Polk does not claim that any of those seven Caucasian inmates has been prosecuted in federal court. He makes no argument and offers no evidence to show that Caucasians convicted on weapons offenses in state court are more likely to be prosecuted in federal court than African Americans. Nor does he identify any reason to believe that the Assistant United States Attorney handling his prosecution, who also is a Caucasian, has racial animus against Caucasians. Polk has not established a prima facie case of selective prosecution, so the Court will not order discovery or hold a hearing on that issue.

Polk's motion to dismiss for violations of his Fifth and Sixth Amendment Speedy Trial Rights is DENIED. His motion to dismiss based on selective prosecution is DENIED. His request that he be provided the Assistant United States Attorney's letter to the Attorney General asking for permission to prosecute and reply to the same are DENIED. Document #33.

IT IS SO ORDERED this 19th day of September, 2008.

J. Leon Holmes
_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE